## Petrie *against* Rose.

It is incompetent to a defendant in an action of slander to give evidence, in mitigation of damages, of facts and circumstances which induced him to suppose the charge true at the time it was made, if such facts and circumstances tend to prove the charge, or form a link in the chain of circumstances to establish a justification, even though he expressly disavows a justification.

In an action of slander against a husband and wife for words spoken by the wife, it is not competent for the defendant to prove that circumstances relating to the plaintiff's conduct were communicated to the husband before the slanderous words were uttered.

When, in an action of slander, the defendant's evidence casts an imputation on the character of the plaintiff for honesty, it may be rebutted by testimony as to his general good character.

ERROR to the Common Pleas of *Perry* county.

John G. Rose against William Petrie and Sarah his wife. This was an action of slander for the following words spoken by the wife to Jacob Richstein, " because you keep such a bad man there, your brother-in-law John G. Rose; I believe he is a robber and a murderer, for any man that will rob would murder as soon as not." The defendants pleaded not guilty. After the plaintiff had given evidence of the speaking of the words as laid in the declaration, the defendants offered to prove that Rose had just come from Philadelphia to Richstein's; that he came as far as Harrisburg in company with two men who were afterwards convicted of larceny and robbery, and who had with them at Harrisburg a large number of false keys and implements for robbing. That Rose came to Richstein's under circumstances creating a strong suspicion of his having been concerned with those men. That his trunk was very heavy

[Petrie v. Rose.]

when it was seen at Richstein's, and the constable was refused leave to search it. He brought constable Witzel there, and then the trunk was open and empty. That reports of Rose's guilt, or supposed guilt, became current in the neighbourhood, and these facts were talked of. That different persons asked Rose whether he was the robber, and he answered that he was. These reports were heard by Mrs Petrie, and anything she said relative to Rose was of her belief founded on these facts and reports, and elicited by the questions and conversation of the witness. This was objected to by the plaintiff under the pleadings.

HEPBURN, (President).—The defendant may show that suspicions were entertained by others, and the currency in the country with which they were circulated by others, and their acknowledgment by plaintiff, and communicated to her, previous to uttering the words charged in the declaration, for the purpose of rebutting the malice, and to reduce the damages. But the evidence of particular facts, as stated in this offer, going to justify the belief of the truth of the charge, under the pleadings we think is not admissible. The offer is therefore to the above extent admitted, and the residue rejected.

The defendant asked leave to add to his plea, " with leave to show the cause and the occasion of the speaking," which was admitted by the court, and the above offer again made and disposed of by the court as above stated. The defendants excepted.

The defendant then offered to prove the declarations of the witness to Wm Petrie, the husband of Mrs Petrie; that he told him that Rose was charged with being concerned in the robbery, and was followed to be caught, and that a guard was placed around the house to watch him. This was objected to as incompetent evidence, and rejected by the court.

After the defendants had given evidence tending to cast an imputation upon the character of the plaintiff, he offered the depositions of witnesses to prove that his general character for honesty was good. This the defendants objected to, but the court overruled the objection, and the depositions were read.

*Alexander*, for plaintiff in error, contended that the court erred in rejecting the evidence offered by the defendants to mitigate the damages, and cited 2 *Bro.* 89; 3 *Yeates* 508; 1 *Binn.* 85; 2 *Whart.* 313; 4 *Watts* 350; and that depositions as to the character of the plaintiff were inadmissible. 4 *Rawle* 296; 21 *Eng. Com. L.* 246; 1 *Wash. C. C.* 144; 3 *ib.* 246.

*Watts*, contra, as to the first point, cited 2 *Stark Ev.* 470; 4 *Watts* 339; 4 *Rawle* 297; 14 *Johns.* 233; 8 *Cowen* 214; 3 *Wend.* 395; 13 *Wend.* 9. The depositions are clearly admissible to rebut the evidence of defendants.

[Petrie v. Rose.]

The opinion of the Court was delivered by

SERGEANT, J.—In slander the defendant may, for the purpose of mitigating the damages, show that the cause and occasion of uttering the words were circumstances of suspicion known by him, or circulated or acknowledged by the plaintiff, and communicated to the defendant; for these tend directly to excuse or extenuate the conduct of the party, and affect the amount of damages. But to permit evidence going to establish the truth of the words spoken would be setting up a defence of a different kind and more serious nature, and one which, by the established rules of pleading, the plaintiff could not be prepared to expect or to meet on the general issue. If the defendant intends to set up such a defence, he may plead a justification, and then the plaintiff will be prepared to encounter the evidence. It is now settled by the authorities referred to, especially the case of *Purple* v. *Horton*, (13 *Wend.* 9), where the same kind of offer was made, that it is incompetent to a defendant in an action of slander to give evidence, in mitigation of damages, of facts and circumstances which induced him to suppose the charge true at the time it was made, if such facts and circumstances tend to prove the charge, or form a link in the chain of circumstances to establish a justification, even though he expressly disavow a justification. Facts and circumstances may be shown in mitigation only when they disprove malice. The evidence offered in the present case, so far as it was rejected, evidently went to show by circumstantial evidence the fact of the plaintiff's guilt, and it was therefore properly overruled.

The next point that has been made is the rejection by the court of communications by a witness to William Petrie, the husband of Mrs Petrie, of various facts and circumstances relating to the plaintiff's conduct. It is said there is a presumption, from the intimate connection between husband and wife, that the husband communicated to the wife the information he had received. It is true there may be such a presumption, but not greater, perhaps, than often exists between other family relations, or even friends; and the argument would apply equally to them. After receiving such evidence, the mind would still be in doubt whether it ever was communicated by the husband to the wife, and could therefore have formed a ground for her uttering the words. We therefore see no error in its rejection.

The last question is, whether the depositions to prove the plaintiff's good character were admissible, and we think as rebutting evidence they clearly were; the defendant's evidence went strongly to cast an imputation on the character of the plaintiff for honesty.

Judgment affirmed.