## DAME *v.* KENNEY *& ux.*

Rumors and general reports are not evidence in actions of slander, even in miti-
gation of damages.

Evidence of a plaintiff's good character is inadmissible, unless to repel an attack
upon it.

A defendant, who has introduced evidence of reports injurious to the plaintiff's
character, cannot object to the admission of proof of good character, or of
the falsehood of such reports.

CASE against husband and wife, for defamatory words al-
leged to be spoken by the wife.

The words were set forth in the declaration with inuen-
dos, and they imputed to the plaintiff unchaste conduct.

Upon the general issue, evidence was introduced tending
to prove the speaking of the words as charged, and the truth
of the inuendos. The defendants contended that the words

spoken were a confidential communication, made by the wife from good motives, and for justifiable ends, and under a reasonably grounded belief that the matter communicated was true; and relied upon this as a defence to the action; and for the purpose of maintaining this defence, they introduced evidence tending to prove that prior to the speaking of the words, reports were in general circulation, imputing such unchaste conduct to the plaintiff. To the admission of this evidence the plaintiff objected; but the evidence was admitted.

The plaintiff contended that the words were uttered maliciously, and not for the purpose of communicating information reasonably believed to be true; and for the purpose of rebutting the defence, she introduced evidence tending to show that the reports were not true, and the defendant, who spoke them, might have readily ascertained that they were not true. To the admission of this evidence the defendants objected, but it was admitted.

The court instructed the jury that they could not mitigate the damages, for the reason that there were reports in common circulation prejudicial to the character of the plaintiff, unless they should find that her character was disparaged by them.

The jury found a verdict for the plaintiff, which the defendants moved the court to set aside and to grant a new trial, because of the admission of said evidence and of said instruction to the jury.

*Butters*, and *Pierce & Minot*, for the plaintiff.

*Ainsworth*, and *H. A. & A. H. Bellows*, for the defendants.

BELL, J. It has been regarded as an open and unsettled question, whether a defendant should be permitted, even under the general issue, to prove general suspicions and

common reports of the guilt of the plaintiff of the matters imputed to him by slander, in mitigation of damages. 2 Greenl. Ev. 228, § 275 and 342, § 424. After a careful examination of all the cases on the subject within our reach, we are of the opinion that such evidence is not admissible, either on principle or authority.

As a general rule, reports and rumors are not evidence of the facts reported. This is a point too well settled to be questioned, or to need the citation of authorities. This rule is merely a single application of a much broader principle, namely, that hearsay is not evidence. To this last cited principle, there are exceptions well settled, and the application of which is frequently discussed ; but among those exceptions there is no where found an intimation that common report is evidence, if we except some cases relating to the subject of defamation. In all other cases, except where reports affect the character, they are uniformly rejected when offered as evidence. They are not only hearsay, and open to all the objections which lie against statements not made under oath and in presence of the parties interested; but they are the weakest and least reliable of all hearsay. The witness who is offered to testify, under oath, the statements made to him by a person well known for his honesty, truth, candor and caution, and who had the means of knowledge, is at once rejected. How, then, can evidence be received, which at most proposes to show to the jury what was said by somebody, of what character and upon what authority is entirely unknown ? The former might have strong claims to credit. Our faith in history all rests upon such evidence; but the latter has none whatever. Common fame, which is but another name for rumor and common report, has everywhere a bad character for truth ; and the exception to the general rules of evidence, which would tolerate its admission in courts of justice, ought to be established on the clearest and most satisfactory reasons. No reasons have been seen beyond the suggestion that reports may have a bearing on

general character. Such reports may constitute one of the grounds upon which the general estimate of character may be formed, but are really deserving of little consideration.

People usually form their opinions of the characters of men from what they know of them personally, and from what is said of them by those who have the means of knowledge, and whose opinions are entitled to confidence. But mere rumors and reports, of which no man knows whence they came, are the weakest and most uncertain of the grounds on which the public judgment ever rests. If numerous and often repeated, they too often gain credit; and the general character may, in consequence of that credit, be seriously affected. The reports themselves prove nothing as to general character. They may be entirely discredited and disbelieved, where the party assailed is known.

The point of inquiry in relation to general character is not whether a man has been attacked, but how does he stand now, when rumor has spent its force upon him? A jury can form no opinion upon this point from the fact that reports have been in circulation. Though of themselves they may appear ill, yet a jury have no right to assume, without proof, that they have not been regarded by those who knew the party, as merely ridiculous and contemptible. Upon principle, then, we think that common reports are never admissible as evidence of any thing, or for any purpose.

Among the adjudged cases we find a great diversity of decisions.

It seems at various times to have been contended at the bar, that where the statement alleged to be defamatory, was at the time stated merely as matter of common report, it was a good defence to show that fact, and to prove the existence of such reports. This position was denied in *North Hampton's case*, 12 Co. Rep. 134; *Cuddington* v. *Wilkins*, Hobart 82; 6 Bac. Ab. 251; *Mason* v. *Mason*, 4 N. H. Rep. 110; *Nelson* v. *Evans*, 1 Dev. 9; *Maberly* v. *Preston*, 8 Miss. 462; *Wheeler* v. *Shields*, 2 Scam. 348.

There is a series of cases, which hold that though a common report is not a defence, where the slander is stated as a common report, it may be given in evidence under the general issue in mitigation of damages, on the ground that it indicates a less degree of malice merely to repeat a rumor, than it does to originate a false charge. *Mason* v. *Mason, ubi. sup.; Skinner* v. *Powers,* 1 Wend. 451; *Morris* v. *Baker,* 4 Ham. 520; *Calloway* v. *Middleton,* 2 A. K. Marsh. 372; *Henson* v. *Veatch,* 1 Blatch. 369; *Williams* v. *Greenwade,* 3 Dana 432.

We feel inclined to doubt the whole theory on which the admission of reports in these cases is supposed to rest, namely, that there is a difference in the degree of malice indicated by the mere repetition of a slander, and that displayed by its originator. Personal ill will is not necessary to make slander a ground of action, though that was a doctrine once maintained by courts. It is not necessary to be alleged or proved. The ground of the action is the injury done to the character of the plaintiff, without any justification or reasonable cause. That the words were said from proper motives, and upon a proper occasion, is a defence. But if said in the absence of proper motives and a proper occasion, it seems to be of little importance what other motivd led to the slander. There seems to us to be much good sense in the opinion of *Bayley,* J., in *Bromage* v. *Prosser,* 4 B. & C. 321, cited by *Whitman,* C. J., in *Haynes* v. *Haynes,* 29 Maine 253. " Malice, in common acceptation, means ill will against a person, but in its legal sense it means a wrongful act done intentionally, without just cause or excuse. If I traduce a man, whether I know him or not, and whether I intend to do him an injury or not, I apprehend the law considers it as done of malice, because it is wrongful and intentional. It equally works an injury whether I meant to produce an injury or not; and if I had no legal excuse for the slander, why is he not to have a remedy against me for the injury it produces ?" And we

have the same impression of the remarks of *Tyndall,* C. J., in *Hooper* v. *Trescott,* 2 Bing. N. C. 457, cited by the same learned judge. " The existence of express malice is only a matter of inquiry where the injurious expressions, which are the subject of complaint, are uttered upon a lawful occasion."

Another class of cases recognizes the rule, that common report may be given in evidence in mitigation of damages under the general issue, but hold that this cannot be done under a justification, or where a justification is joined with the general issue. *Walcott* v. *Hall,* 6 Mass. Rep. 514; *Root* v. *King,* 7 Cow. 613; *Gilman* v. *Lowell,* 8 Wend. 573; *Cooper* v. *Barber,* 24 Wend. 573; *Landers* v. *Johnson,* 6 Blackf. 50; *Snowdon* v. *Smith,* 2 M. & S. 287, n.; *Leicester* v. *Walter,* 2 Camp. 251; —— v. *Moore,* 2 M. & S. 284; *Nelson* v. *Evans,* 1 Dev. 9; 2 Saund. Pl. & Ev. 812.

Some cases deny the admissibility of such evidence in any case, or under any form of pleadings, unless the reports be such as shall have affected the general character of the plaintiff. *Treat* v. *Browning,* 4 Conn. 414; *Bradley* v. *Gibson,* 9 Ala. 406; *Leicester* v. *Walker,* 2 Camp. 251.

Finally, there is a great mass of cases of recent date, and many of them considered with great ability, which deny the admissibility of common reports in any case, even in mitigation of damages. *Lamos* v. *Snell,* 6 N. H. Rep. 413; *Alderman* v. *French,* 1 Pick. 18; *Bodwell* v. *Swan,* 3 Pick. 376; *Stone* v. *Varney,* 7 Met. 86; *Watson* v. *Buck,* 5 Cow. 599; *Cole* v. *Perry,* 8 Cow. 214; *King* v. *Root,* 4 Wend. 113; *Mapes* v. *Weeks,* 4 Wend. 659; *Inman* v. *Foster,* 8 Wend. 602; *Kennedy* v. *Gifford,* 19 Wend. 296; *Lewis* v. *Niles,* Root 346; *Waithman* v. *Weaver,* 11 Price 217, n.; *Walmer* v. *Latimer,* 1 Jur. 119; *Young* v. *Bennett,* 4 Scam. 43; *Fisher* v. *Patterson,* 14 Ohio 418; *Freeman* v. *Price,* 2 Bail. 115; *Lang* v. *Brougher,* 5 Watts 439; *Anthony* v. *Stephens,* 1 Miss. 254.

The great preponderance of authority seems to us to be

against the admissibility of rumors and reports in any case, and for any purpose, in actions of slander. Upon this opinion the charge of the judge was exceptionable only on the ground that the jury were not instructed to disregard all the evidence relating to rumors and reports. This exception could not be taken by the defendants. And the charge being given in accordance with the wishes of the defendants, so far as it authorized any weight to be given to such evidence, the defendants have no cause of complaint.

The second question raised by the case is, whether the evidence introduced by the plaintiff to disprove the charges imputed to her by the slander, was properly admitted, their truth not being put in issue. There are many decisions, which hold that evidence of the plaintiff's good character is not admissible until it has been attacked; under the idea that the law gives to every party the benefit of the presumption that his character is good, until it is impeached, and that evidence is not ordinarily to be received to prove what the law presumes. This rule applies so long as no attack is made upon the plaintiff's character, and no further. If any evidence is introduced which is calculated to deprive him of the benefit of this legal presumption, he is at liberty to introduce proof to meet it. 2 Greenl. Ev. 338, § 419; 2 Stark. Slander 53, (59.) This we regard as the case in the present instance. The proof of reports injurious to the plaintiff's character left him at liberty to meet that evidence either by proof of general character, or by showing the falsehood of those reports. *Inman* y. *Foster*, 8 Wend. 602; *Patterson* v. *Jones*, 8 B. & C. 578; *M' Cabe* v. *Platter*, 6 Blackf. 405; *Scott* v. *Peebles*, 2 S. & M. 546; *Petrie* v. *Rose*, 5 W. & S. 364; *Shipman* v. *Burrows*, 1 Hall 399; *Rhodes* v. *James*, 7 Ala. 574.

The admission of this evidence furnishes no ground of exception to the defendants. It was rendered admissible by their own evidence. And though, if objected to, we think that evidence ought to have been entirely rejected, yet the

plaintiff was not bound to object, and the evidence was of course introduced at the risk of the party who offered it. If its admission has rendered other evidence admissible, which otherwise would not be competent, they cannot complain. The exceptions being overruled, there must be

*Judgment on the verdict.*