Strafford
No. 93-766

THE STATE OF NEW HAMPSHIRE

v.

VALMORE VACHON

May 26, 1995

*Jeffrey R. Howard,* attorney general (*John C. Kissinger, Jr.,* assistant attorney general, on the brief and orally), for the State.

*David M. Rothstein,* assistant appellate defender, of Concord, by brief and orally, for the defendant.

BATCHELDER, J. The defendant, Valmore Vachon, appeals his conviction of aggravated felonious sexual assault, RSA 632-A:2 (1986) (current version at RSA 632-A:2 (Supp. 1994)), after a jury trial in Superior Court (*Mohl,* J.). The sole issue is whether the trial court erred by allowing a witness to testify about the defendant's reputation in the community for truthfulness. We reverse and remand.

The charges against the defendant stemmed from an incident in June 1991 in Milton. The defendant and the alleged victim, April D., had been dating for several years, sporadically and turbulently. On June 8, 1991, they met at her home. An argument ensued and, according to April's testimony, the defendant physically assaulted her and then committed two acts of aggravated felonious sexual assault. The next day April reported the assault to the police and was examined medically at the hospital. The examination revealed a bruised jaw but no evidence of sexual assault. At trial the defendant testified, admitting the argument but denying the sexual assault allegations.

Officer James Giguere of the Milton Police Department testified about his contact with both the defendant and the alleged victim during the investigation of the case. On being asked by the prosecutor, over the defendant's objection, if he was familiar with the defendant's reputation for truthfulness in the community, Officer Giguere answered that he was, and that the defendant has a reputation as an untruthful, dishonest person. The defendant was convicted of one charge of aggravated felonious sexual assault and acquitted of another.

The defendant argues that Officer Giguere's testimony regarding the defendant's reputation should not have been allowed because the prosecution failed to lay an adequate foundation for admissibility under New Hampshire Rule of Evidence 608(a)(1). The rule provides:

(a) *Opinion and reputation of character.* The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) The evidence may refer only to character for truthfulness or untruthfulness . . . .

N.H. R. Ev. 608(a).

■ Under Rule 608(a), "[a] proper foundation must be laid *before* the admission of reputation testimony." *United States v. Watson,* 669 F.2d 1374, 1381 (11th Cir. 1982) (emphasis added). To be qualified to offer an opinion on the reputation of another witness, a witness must show "'such acquaintance with the [person under attack], the community in which he has lived and the circles in which he has moved, as to speak with authority of the terms in which generally he is regarded.'" *Id.* (quoting *Michelson v. United States,* 335 U.S. 469, 478 (1948)).

Dean Wigmore has explained why reputation evidence is reliable; implicit in his reasoning is the premise that the evidence must rest on an adequate foundation. The reliability of such evidence, according to Wigmore, is based on

> consideration that the prolonged and constant exposure of a condition of things to observation and discussion by a whole community will in certain cases sift the possible errors and will bring the resulting belief down to us in a residual form of fair trustworthiness. These conditions are usually found where the matter is one which in its nature affects the common interests of a number of persons in the same locality, and thus necessarily becomes the subject of active, general, and intelligent discussion; so that whenever a single and definite consensus has been reached in the shape of common reputation, it may be supposed to have considerable evidential value.

5 J. WIGMORE, EVIDENCE § 1583, at 547 (Chadbourn 1974). The Vermont Supreme Court has outlined the circumstances in which evidence of reputation for character may be held to be reliable:

> That reputation must be general in the community. It must be based on the need of the people in the community to deal with the person who is the subject of the reputation. That reputation must be developed over a sufficient time to give a true opportunity to judge character. That reputation must be based on a community of enough individuals with the required contact with the subject to be insulated from the vagaries of individual personality conflicts. That reputation

must be for such character traits as are broad enough to be subject to observation by a community.

*State v. Kelly,* 312 A.2d 906, 908 (Vt. 1973).

We have not previously ruled on the adequacy of a foundation for the introduction of reputation evidence pursuant to Rule 608(a), but we agree with Wigmore and the Vermont court. We think it plain that the requirements for reliability enumerated by the Vermont court are foundational in nature and indicate the need for special care in determining the threshold admissibility of reputation evidence. Long ago we recognized the danger in admitting evidence of this type:

> People usually form their opinions of the characters of men from what they know of them personally, and from what is said of them by those who have the means of knowledge, and whose opinions are entitled to confidence. But mere rumors and reports, of which no man knows whence they came, are the weakest and most uncertain of the grounds on which the public judgment ever rests. If numerous and often repeated, they too often gain credit; and the general character may, in consequence of that credit, be seriously affected.

*Dame v. Kenney,* 25 N.H. 318, 321 (1852). As a result, we cautioned, the admissibility of such evidence "ought to be established on the clearest and most satisfactory reasons." *Id.* at 320.

■ More recently we expressed our concern that a jury upon hearing an expert witness bolster the credibility of the victim might abdicate its responsibility to make difficult credibility determinations. *See State v. Reynolds,* 136 N.H. 325, 328–29, 615 A.2d 637, 639 (1992). Reliance by the jury on one witness's view of another witness's reputation for truthfulness is fraught with similar concerns. Although permitted by Rule 608(a), such evidence may be introduced only after the proponent has laid a proper foundation. This means that it must be established that the reputation witness possesses a sufficient basis of knowledge such that the reputation evidence may be considered to be reliable. For this foundational predicate we require the following: the individual's reputation must be held generally in a community of significant size; it must be developed over enough time to truly reflect character for truthfulness; and it must be based on the need of the members of the community to deal with the individual on a frequent basis. *See United States v. Bedonie,* 913 F.2d 782, 802 (10th Cir. 1990), *cert. denied,,* 501 U.S. 1253 (1991); *State v. Mazerolle,* 614 A.2d 68, 73 (Me. 1992); *State v. Land,* 851 P.2d 678, 681 (Wash. 1993); *see generally Kelly,* 312 A.2d at 908.

█ Measuring against this standard, we hold that the State failed to lay a sufficient foundation for the admissibility of the reputation evidence here. Prior to eliciting the evidence from Officer Giguere, the prosecutor asked only a few general questions that revealed that Officer Giguere had been a Milton police officer for two and a half years, that he had been involved in the community by way of interviewing people during criminal investigations, that he had come in contact with many people familiar with the defendant, and that he was familiar with the defendant's reputation for truthfulness. This testimony fails to demonstrate that a sufficient number of people in the community at large held an opinion as to the defendant's reputation for veracity. Notably, the officer only testified that his dealings with community members familiar with the defendant was in the law enforcement context, not a representative sample. This is not a neutral and generalized "community." *Cf. State v. Lord,* 822 P.2d 177, 203 (Wash. 1991) (community corrections officer could not offer reputation of witness among law enforcement personnel, attorneys, judges), *cert. denied,* 113 S. Ct. 164 (1992).

█ Evidence of a testifying defendant's poor reputation for truthfulness "should be viewed by the trial judge with caution and . . . except in the rare case where the testimony appears to be well supported, it should be rejected." *United States v. Augello,* 452 F.2d 1135, 1140 (2d Cir. 1971), *cert. denied,* 406 U.S. 922 (1972). Here, not only was the testimony not well supported, but the trial court viewed the foundation requirement as a matter for the jury rather than as a prerequisite to admissibility. In overruling the defense objection to the evidence, the judge stated to defense counsel: "You certainly could impeach him on how well he knows of Mr. Vachon's reputation for truthfulness, but that is a matter of weight, not admissibility." This was error, and the State does not argue that it was harmless. The defendant is entitled to a new trial.

*Reversed and remanded.*

All concurred.