Hillsborough-southern judicial district
No. 2000-762

THE STATE OF NEW HAMPSHIRE

v.

PAUL BERRY

Argued: May 8, 2002
Opinion Issued: July 23, 2002

*Philip T. McLaughlin*, attorney general (*Susan P. McGinnis*, attorney, on the brief and orally), for the State.

*Swope & Nicolosi, P.L.L.C.*, of Concord (*Diane M. Nicolosi* on the brief and orally), for the defendant.

NADEAU, J. After a jury trial in Superior Court (*Brennan*, J.), the defendant, Paul Berry, was found guilty of seventeen counts of aggravated felonious sexual assault and four counts of misdemeanor sexual assault. *See* RSA 632-A:2, :4 (1996). On appeal, he alleges the trial court erred in: (1) admitting evidence of prior bad acts; and (2) barring the testimony of two defense witnesses. We affirm.

The defendant married the victim's mother in 1980 and adopted her daughter, Holly, soon thereafter. The charges against the defendant stemmed from allegations that he repeatedly assaulted Holly over a six-year period, from 1983 to 1989. Holly was ten years old when the defendant moved out of the family home and the assaults ended, and she reported the sexual assaults to the police approximately seven years later.

Prior to trial, the State filed a motion *in limine* seeking to introduce evidence that the defendant physically abused Holly during the time period when the sexual assaults occurred. The State sought admission of the evidence under New Hampshire Rules of Evidence 401, 402 and 403. It argued that the evidence was relevant to show "how and why [Holly] felt as she did about the defendant during the time period at issue." The State proffered that Holly would testify that her lack of resistance to the sexual assaults and her delay in reporting them was due, in part, to her fear that

the defendant would physically harm her. The defendant objected, arguing that the evidence was inadmissible under New Hampshire Rule of Evidence 404(b), but did not claim that delay in reporting would not be an issue. Based upon the State's proffer, the trial court found the evidence admissible under Rules 401, 402 and 403 for the purpose of explaining Holly's delay in reporting the sexual assaults. The trial court also found the evidence relevant for the jury to consider in deciding whether Holly's testimony was credible and that it was "more probative than prejudicial to the defendant."

The defendant renewed his objection to the admissibility of the evidence just prior to opening statements. A *voir dire* of Holly was conducted to examine her proposed testimony and, again, the trial court found the evidence admissible. The trial court ruled that

> [the] evidence is admissible only for the purpose of determining the witness's credibility regarding the delay in reporting. . . . It is not evidence that the defendant did these acts; it is only evidence of the credibility of the — the alleged victim in light of the delay in disclosure. And with the length of time between the acts and the disclosure, it's implicit that there's a question as to why the [victim] disclosed so late.

The trial court's ruling was based upon an analysis of the evidence under Rules 401, 402 and 403, not Rule 404(b).

The trial court also ruled that it would issue a limiting instruction prior to witness testimony regarding the alleged physical abuse. The instruction would direct the jury to consider the evidence as it related to Holly's "state of mind at the time of the alleged [sexual] assaults, and/or her delay in disclosing the alleged assaults." The jury would be told not to consider the evidence for any other purpose. This instruction was given to the jury during Holly's testimony. The trial court also issued the instruction when Holly's mother testified about the defendant's physical abuse of her daughter.

The crux of the defendant's case was that the assaults never occurred and that Holly's allegations were untrue. The defendant sought to present the testimony of two witnesses that Holly had a reputation for untruthfulness in the community. During *voir dire*, both witnesses testified that they had known Holly when she was a child, five or six years before Holly first reported the sexual assaults to an adult. The witnesses testified that Holly's reputation was essentially based upon the opinions of a small circle of children and their parents. Because it was based upon such a small group of individuals, the trial court found the witnesses' reputation evidence unreliable. The trial court also found that the

witnesses knew Holly only when she was a child, years before she finally reported the sexual assaults to the police as a young adult. The trial court ruled, therefore, that their testimony had no relevance regarding Holly's reputation for truthfulness at the time she reported the sexual assaults.

We begin with the defendant's argument that the trial court erroneously admitted evidence of the defendant's physical abuse of Holly without conducting an analysis under Rule 404(b). We agree with the defendant that the evidence constituted "other bad acts" and that the trial court should have considered the requirements of New Hampshire Rule of Evidence 404(b). We will not reverse a trial court decision, however, when it reaches the correct result and valid alternative grounds exist to reach that result. *See State v. Cote*, 143 N.H. 368, 378 (1999). In this case, we note that the trial court made specific findings regarding the relevance of the physical abuse evidence and its potential prejudice under Rules 401 and 403. Reviewing the evidence under Rule 404(b) does not diminish these findings, and we conclude that the evidence was admissible under Rule 404(b).

Rule 404(b) states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Evidence of other bad acts is admissible when: (1) it is relevant for a purpose other than to prove the defendant's character or disposition; (2) there is clear proof that the defendant committed the acts; and (3) the prejudice to the defendant does not substantially outweigh the probative value of the evidence. *State v. Dukette*, 145 N.H. 226, 229 (2000). Rule 404(b) ensures that the defendant in a criminal trial is "tried on the merits of the crime as charged and [prevents] a conviction based on evidence of other crimes or wrongs." *State v. Bassett*, 139 N.H. 493, 496 (1995).

The evidence of the physical abuse of Holly was relevant to her delay in reporting the sexual abuse. *Cf. United States v. Powers*, 59 F.3d 1460, 1465 (4th Cir. 1995), *cert. denied*, 516 U.S. 1077 (1996); *Merzbacher v. State*, 697 A.2d 432, 441-42 (Md. 1997); *State v. Bynum*, 433 S.E.2d 778, 780-81 (N.C. App. 1993); *State v. Wilson*, 808 P.2d 754, 757 (Wash. App. 1991). Holly testified that the defendant was the disciplinarian of the household and that she "was really scared of him." She believed, during the years she was sexually assaulted, that she was destined to live in constant fear and that the assaults were "never gonna end." The defendant threatened Holly that

if she told her mother about the abuse, her mother would throw her out of the house in a jealous rage. The physical beatings and verbal threats, coupled with the defendant's role in the family as the disciplinarian, explained why Holly became resigned to her fate as a victim of repeated sexual assault. It also explained her belief that reporting the abuse would be futile, thereby giving context to her delay in reporting the assaults.

■ This is not a case where "an assumption based upon the defendant's propensity toward certain action is the essential connection in the inferential chain supporting relevance." *State v. Melcher*, 140 N.H. 823, 830 (1996). Indeed, evidence of the physical abuse was offered to show the reason why Holly delayed in reporting the assaults, not that the defendant had a violent character or that he acted in conformity with that character by sexually assaulting Holly.

Turning to the clear proof requirement, it is satisfied when the State presents evidence "firmly establishing that the defendant, and not some other person, committed the prior bad act." *State v. Lesnick*, 141 N.H. 121, 126 (1996). Here, the trial court did not expressly find that the State's proffer satisfied the clear proof prong. "We ordinarily would remand this unresolved issue; however, when a lower tribunal has not addressed a factual issue, but the record reveals that a reasonable fact finder necessarily would reach a certain conclusion, we may decide that issue as a matter of law." *State v. Gordon*, 146 N.H. 258, 262 (2001) (quotation omitted).

First, we note that the trial court implicitly found clear proof that the defendant physically abused and threatened Holly. In its ruling just prior to opening statements, the trial court found that the defendant — not some other person — committed "random acts" of physical abuse and verbally threatened Holly. Further, Holly clearly identified the defendant as the individual responsible for physically abusing her. During *voir dire*, she stated "[the defendant's] hand would come out of nowhere and knock me onto the ground for no reason; or throw me into a chimney because I wouldn't finish my dinner." Finally, Holly's allegations of physical abuse were corroborated by her mother's testimony. Based upon the foregoing, the evidence compels us to conclude that the State presented evidence "firmly establishing that the defendant, and not some other person, committed the prior bad act," *Lesnick*, 141 N.H. at 126, and no reasonable fact finder could find otherwise. *See Gordon*, 146 N.H. at 262.

In its pretrial order on the State's motion *in limine*, the trial court found the evidence of physical abuse more probative than prejudicial. Evidence that the defendant beat Holly and created an atmosphere of fear in the household was highly probative of Holly's delay in disclosing the

sexual assaults. By its nature, evidence of other bad acts is tainted with prejudice and can only be admitted for a non-propensity purpose. The trial court acknowledged the limited non-propensity purpose of the evidence and gave a well-structured instruction, limiting the use of the evidence to explaining Holly's delay in reporting the sexual assaults. The defendant has not demonstrated that any remaining prejudicial effect substantially outweighed the probative value of the evidence. *See State v. Haley*, 141 N.H. 541, 547 (1997).

The evidence of the physical assaults was admissible under Rule 404(b). Accordingly, even though the trial judge did not conduct an analysis under Rule 404(b), its decision to admit the evidence reached the correct result and reversal is not warranted. *Cote*, 143 N.H. at 378.

The defendant's second claim of error upon appeal is that the trial court erred in barring two witnesses from testifying about Holly's reputation for truthfulness in the community. *See* N.H. R. Ev. 608(a). We examine the trial court's ruling on the admissibility of this evidence under the unsustainable exercise of discretion standard. *See State v. Porter*, 144 N.H. 96, 98 (1999); *State v. Lambert*, 147 N.H. 295, 296 (2001).

Reputation evidence "may be introduced only after the proponent has laid a proper foundation." *State v. Vachon*, 139 N.H. 540, 543 (1995). The party seeking to introduce such evidence must establish "that the reputation witness possesses a sufficient basis of knowledge such that the reputation evidence may be considered to be reliable." *Id.* This requires that: (1) the individual's reputation must be held generally in a community of significant size; (2) it must be developed over enough time to truly reflect character for truthfulness; and (3) it must be based upon the need of the members of the community to deal with the individual on a frequent basis. *Id.*

We agree with the trial court that the defendant failed to establish the foundational predicate necessary for the admission of the reputation evidence. The witnesses' testimony was based upon the opinions of a small circle of children and their parents. The trial court found that this community was not of significant size and the evidence, therefore, was unreliable. After reviewing the record, we conclude that this finding was not an unsustainable exercise of discretion.

All other issues raised in the notice of appeal but not briefed are deemed waived. *See State v. Mountjoy*, 142 N.H. 648, 652 (1998).

*Affirmed.*

BROCK, C.J., and DUGGAN, J., concurred.