STATE v. LEWIS.

(Filed October 6, 1903.)

LARCENY—*Evidence—Drunkenness.*

On a trial for stealing money from prosecutor while drunk, the state having, as a basis for the argument that defendant was preparing to take it, shown that after taking it from prosecutor's pocket, at his request, to pay for the liquor, he, in putting it back, called the attention of the clerk to the fact, he, to explain this conduct, may show that prosecutor was in the habit of losing money while drunk and wrongfully accusing people of stealing it, and that he knew of this habit.

INDICTMENT against Thomas Lewis, heard by Judge *R. B. Peebles* and a jury, at March Term, 1903, of the Superior

STATE *v.* LEWIS.

Court of LENOIR County. From a verdict of guilty and judgment thereon, the defendant appealed.

*Robert D. Gilmer, Attorney-General,* for the State.
*Swift Galloway* and *Land & Cowper,* for the defendant.

CONNOR, J. The defendant was tried upon an indictment for the larceny of money from the person of John Grant. It was in evidence on the part of the State that the prosecutor sold tobacco in Kinston and in company with defendant, who had brought tobacco for him to market, got the money at the bank for a check received in payment of his tobacco; that prosecutor and defendant went to a bar-room and took a drink and bought a jug of whiskey. At request of prosecutor defendant put his hand in prosecutor's pocket and got the money, which was in a tobacco bag, paid for the liquor and put the money back into prosecutor's pocket, calling the attention of the clerk to the fact that he had replaced the bag containing the money. Prosecutor swore that after this he, with the defendant, went back to the warehouse, where prosecutor laid down and went to sleep. That defendant put his hand in his (prosecutor's) pocket and took the money out. That he said: "Tom, don't take my money." Defendant said nothing, but took the money. On cross-examination defendant asked prosecutor if he had not been in the habit of losing money when drunk and accusing other people of stealing it, to which the witness answered "No." The defendant proposed to show by witness, introduced by himself and by his own testimony, that on a great many occasions the prosecutor had wrongfully accused people of stealing his money while he was drunk. That he was in the habit of getting drunk and losing money and accusing people of stealing same, and that defendant had heard and knew of this habit. The proposed testimony was, upon the objection of the State, excluded, to which the defendant ex-

cepted. It seems that his Honor was of the opinion that the question asked the prosecutor was collateral to the issue and that, not coming within any of the exceptions to the general rule, the defendant was bound by the answer of the witness. *State v. Patterson,* 24 N. C., 346. We are of the opinion that the testimony proposed to be elicited was competent. The prosecutor had sworn that he had been drinking and was asleep when the money was taken. The defendant's plea of not guilty involved a denial that he had taken the money. The defendant's counsel in their well-considered brief and oral argument contend that the testimony is competent in another point of view. It was shown by the State that when the prosecutor and the defendant were in the bar-room the defendant, at the request of the prosecutor, took the money from his pocket and paid for the liquor; that when he replaced the bag containing the prosecutor's money in his (prosecutor's) pocket the defendant called the attention of the clerk to this fact. This testimony was introduced as the basis for the argument that the defendant was preparing to take the prosecutor's money; that he was seeking to disarm suspicion by calling the attention of Odom, the clerk in the bar, to the fact that he had replaced the bag of money in the prosecutor's pocket. This conduct on the part of the defendant was clearly compctent and properly admitted for this purpose. For the purpose of explaining this conduct and repelling the contention of the State he should have been permitted to show the habit of the prosecutor respecting the loss of his money and his knowledge of such habit. It is a matter of common observation and experience that men are more cautious and careful in dealing with the money or property of persons who are in the habit of drinking to excess, or who are illiterate or who are known to be suspicious of persons with whom they have dealings. This is a matter of common prudence. It would be a hard measure if one, taking the precaution to protect him-

self against an unfounded charge of dishonesty, should have his conduct converted into an argument tending to show a preconceived guilty purpose and not be permitted to explain the reasons which prompted his conduct. We can well understand how the Solicitor could use with telling effect the conduct of the defendant in this respect, and without explanation it would weigh heavily in the scale against the defendant. When it was admitted the explanation should also have been admitted, to the end that the jury should be able to properly estimate its value in arriving at a verdict. His Honor was in error in excluding it. We do not deem it necessary to pass upon the exceptions to his Honor's charge. The defendant is entitled to a

New trial.