[Criminal No. 504.   Filed January 14, 1922.]

[203 Pac. 552.]

# WILLIAM C. ROSS, Appellant, v. STATE, Respondent.

1. Witnesses — Refusal to Permit Defendant, Testifying as to Hostility of State's Witness, to Testify as to What had Caused Trouble Between Himself and Wife, Proper.—Where defendant, being prosecuted for manufacturing intoxicating liquor, testified that he had had considerable family trouble, and that one of the state's witnesses had interfered with him and his family, exclusion of answer to question "And what has caused that family trouble?" *held* proper; the question calling for the conclusion of the witness upon an irrelevant and immaterial matter.

2. Witnesses — Exclusion of Evidence as to How State's Witness had Interfered Between Defendant and His Wife Held Proper, Where Interference was not Denied.—Refusal to permit defendant, for purpose of showing prejudice and hostility of witness, to testify as to manner in which state's witness had interfered between defendant and his wife, *held* proper, where such witness had never denied interfering.

3. Witnesses—Foundation Necessary to Introduction of Evidence to Show Interest or Bias of Witness.—To warrant the introduction of evidence to show interest or bias, a foundation must first be laid by interrogating the witness concerning the specific matters which it is proposed to show.

4. Criminal Law—Sustaining of Objection to Question Harmless Where Answer not Stricken.—Sustaining of objection to question after answer had been given *held* harmless where the answer was not stricken out.

5. Criminal Law—Hostility and Credibility of Witnesses for the Jury.—The question of whether the witnesses were hostile or whether their testimony was worthy of credit was a matter for the determination of the jury.

APPEAL from a judgment of the Superior Court of the County of Yavapai.   John J. Sweeney, Judge. Affirmed.

Messrs. Norris & Norris, Mr. J. Andrew West and Messrs. O'Sullivan & Morgan, for Appellant.

Mr. W. J. Galbraith, Attorney General, Mr. George R. Hill, Assistant Attorney General, and Mr. Neil C. Clark, County Attorney, for the State.

JENCKES, Superior Judge.—Appellant was tried and convicted upon an information charging him with the crime of manufacturing intoxicating liquor. From the judgment of conviction and from the order denying his motion for a new trial he appeals.

His specifications of error are that the trial court erred in rejecting certain evidence offered by him tending to show "bias, prejudice, hostility, interest, or motives prompting the state's main witnesses, Ben F. Marshall and C. F. Apperson, to testify in this cause," and otherwise tending to affect the credibility of their testimony.

The record discloses that the cross-examination of both of these witnesses was full, free, and unrestricted, and that they admitted everything concerning which they were interrogated by appellant's counsel in his attempt to show their bias, prejudice, and hostility to the defendant. The witness Marshall admitted that he was acquainted with defendant's wife; that while on a trip to Jerome during February, 1920, he had gone to defendant's house in his absence and had seen defendant's wife; that later he had gone to see her at Hinman's place where she was staying; that again he had gone to defendant's place during his absence and had "hung around" there with defendant's wife for several days; that he had seen Mrs. Ross on another occasion when he had gone to defendant's place and had drunk some of the whiskey which defendant was charged with manufacturing, on which occasion he had taken her out riding; that later on, after he had been arrested and was confined in jail on a charge of cattle stealing, he had written a note to defendant's wife. The witness Apperson ad-

mitted that he was acquainted with the defendant's wife; that he had spent about ten days with her during the month of August, 1920; that he had taken some of the defendant's hogs to town without authority from defendant, using defendant's team for that purpose; that he had been using defendant's team most of the time when he (the witness) needed a team; that he took away defendant's mowing machine and wagon and harness; that defendant had given him strict orders not to go about his (defendant's) place, but that notwithstanding such orders he had gone there just the same; that he had eaten a good many meals at defendant's place and had never paid anything for them. He further testified that he and the witness Marshall were good friends and that they had been at the defendant's place together.

The record further discloses that when the defendant took the stand in his own behalf he also was interrogated and allowed to testify at great length to numerous facts tending to show a feeling of prejudice and hostility toward him on the part of said state's witnesses. Nevertheless appellant complains that his testimony in that respect was unduly limited, and assigns as error the sustaining by the trial court of objections interposed to three questions propounded to him upon direct examination, and the rejection of his offer of proof thereupon made. The first question, propounded after appellant had previously testified that he had had considerable family trouble and that the witness Marshall had interfered with him and his family, was, "And what has caused that family trouble?" This question clearly called for the conclusion of the witness upon an irrelevant and immaterial matter, and was therefore properly excluded. The second question, "Explain fully to the jury in what way he has interfered with you and your family," was also properly excluded, because the wit-

ness Marshall had never denied interfering with appellant's family.

"In order to warrant the introduction of evidence to show interest or bias, a foundation must first be laid by interrogating the witness concerning the specific matters which it is proposed to show." 40 Cyc. 2676.

Upon cross-examination the witness Marshall had admitted everything concerning which he was interrogated touching his relations with appellant's wife. If this question was intended to educe from appellant the same information elicited from the witness Marshall, it was irrelevant and immaterial; if intended to educe evidence of other hostile acts, it was improper because no foundation had been laid therefor. For the same reason the rejection of appellant's offer of proof was not erroneous. The third question was answered by appellant, and, although an objection interposed after the answer was given was sustained, the answer was not stricken out; consequently no harm could have resulted from the mere sustaining of the objection.

Certain informations charging the witness Marshall with cattle stealing, offered in evidence by appellant for the purpose of attacking his credibility as a witness, were, upon objection, excluded by the trial court. This is assigned as error. The witness had previously testified that he had been in jail under information for cattle stealing. If these informations were admissible at all, it could be for the purpose only of proving that fact, and, the fact having been admitted, it was not error to exclude them.

The remaining assignments of error are directed to the exclusion by the trial court of a certain letter offered for the purpose of impeaching the state's witness Marshall, who had previously denied having written or signed it. The contents of the letter were

entirely irrelevant to the issues joined, and the offer of the letter in evidence was a palpable attempt to impeach the witness upon a collateral matter. This cannot be done. *Territory* v. *Clanton,* 3 Ariz. 1, 20 Pac. 94. Appellant contends that the letter should have been admitted because its contents showed the interest of the witness Marshall in defendant's wife, and thus tended to prove his prejudice against and hostility toward appellant. Not having been offered for that purpose, of course appellant cannot now, for that reason, predicate error upon its exclusion.

We are of the opinion that appellant's complaint that he was unduly restricted in presenting to the jury evidence tending to show the hostile attitude of the state's witnesses toward him is not supported by the record. The testimony of the witnesses Marshall and Apperson upon their cross-examination, supplemented by the testimony of the appellant, fully reveals the conditions upon which appellant sought to predicate their hostility. This is all that is necessary. The question of whether or not these witnesses were hostile, or whether or not, being found to be hostile, their testimony was not by reason of that fact worthy of credit, is, of course, a matter solely for the determination of the jury, and appellant cannot be heard to complain that he was not permitted to testify to mere conclusions which he himself formed from existing conditions disclosed by the evidence.

We find no reversible error in the record, and the judgment is affirmed.

McALISTER and FLANIGAN, JJ., concur.

Note.—Judge ROSS, being disqualified to sit in the above-entitled cause, took no part in its decision, and Judge JENCKES, of the superior court of Maricopa county, was called to sit in the case in his stead.