348 A.2d 371.

STATE *vs.* DOMENIC A. IZZI.

DECEMBER 10, 1975.

PRESENT: Paolino, Joslin, Kelleher and Doris, JJ.

Joslin, J. Domenic A. Izzi, the defendant, was an attendant at the Rhode Island Medical Center at the time he allegedly committed an assault and battery upon Raymond Messier. Messier was then 15 years old and a resident patient undergoing treatment for mental illness at the center. The case was tried in the Superior Court before a jury which returned a guilty verdict, and it is now here on the defendant's appeal.

The facts are uncomplicated and in any event readily related. On September 26, 1972, a dispute developed between complainant and defendant about which television program to view. It ultimately led to complainant's challenging defendant to a fight. The defendant did not take the challenge seriously and he left the room. The complainant followed and the parties were the only witnesses to what ensued.

The complainant testified that when they were alone in a nearby room, defendant insulted his family and that this so provoked him that he advanced menacingly toward defendant. As he approached defendant, the latter grabbed his arms at which point he slipped and fell. Thereupon, defendant pinned him to the floor and punched him until he broke away.

The defendant disputed complainant's testimony, insisting that he had not assaulted and battered complain-

ant. The jury, however, accepted complainant's version of what had happened as did the trial justice when she denied defendant's motion for a new trial. The defendant does not now contest that denial. Instead, he limits his appeal to the single issue of whether the trial justice erred in excluding the testimony of three hospital attendants who were in close contact with complainant during much of his hospitalization. According to defendant's offer of proof, the witnesses, if permitted, would have testified that during his stay at the center complainant had repeatedly falsely accused attendants of causing him injuries which in fact were self-inflicted.

While the precise basis for the trial justice's rejection of that testimony is unclear, she appears to have ruled that it was inadmissible because designed either to show complainant's hostile character or to impeach his credibility. If her understanding of the intended purpose of the testimony were correct, then so too were her legal conclusions. This is so because we bar evidence (1) of a complainant's hostile nature unless a defendant has pleaded self defense, *Martin* v. *Estrella,* 107 R. I. 247, 254, 266 A.2d 41, 47 (1970), and (2) disparaging a witness by proof of specific acts or incidents, *Kolb* v. *Union R.R.,* 23 R. I. 72, 75, 49 A. 392, 393 (1901).

It seems to us, however, that defendant offered the questioned evidence, not for the reasons contemplated by the trial justice, but in order to negate the very offense with which he was charged. Whether it was admissible for that purpose is a question on which the decisional law is in conflict. *See* Annot., 75 A.L.R.2d 508 (1961). Wigmore however, advocates a rule permitting liberal inquiry, either by cross-examination or independent evidence, into "* * * conduct indicating a disposition or habit or *general scheme to make false charges or claims.*" 3A Wigmore, *Evidence* §963 (Chadbourn rev. ed. 1970).

490

Whether or not to admit evidence of prior false charges is a question which frequently arises in prosecutions of sex offenses involving minors. *People* v. *Hurlburt*, 166 Cal. App.2d 334, 342, 333 P.2d 82, 87 (Dist. Ct. App. 1958); *People* v. *Evans*, 72 Mich. 367, 380, 40 N.W. 473, 478 (1888); *State* v. *Nab*, 245 Ore. 454, 421 P.2d 388 (1966). In such cases its admissibility is rationalized by the fact that guilt or innocence often turns on the relative credibility of the prosecutrix and the accused; by the knowledge that the charge, though easily made, can be disproved only with difficulty; and by the possibility that the accusation may be fantasized or motivated by malice. *People* v. *Hurlburt, supra* at 335, 333 P.2d at 83; *State* v. *Nab, supra* at 458-60, 421 P.2d at 390-91; Annot., *supra* at 510.

In this case the setting is not unlike that found in those sex cases where evidence of subsequently disproved accusations has been admitted. The common elements are that complainant was 15 years old at the time of the alleged offense, that the credibility of complainant and defendant was crucial because of the absence of eyewitnesses to the purported crime, and that complainant had been institutionalized for a mental illness for several years. In our judgment those factors combined to create a situation requiring that the evidence of the prior false accusations be admitted.

Our approach resembles that followed in *People* v. *Mascarenas*, 21 Cal. App.3d 660, 98 Cal. Rptr. 728 (Ct. App. 1971). In that case evidence of an earlier fabricated charge of selling drugs was admitted in a prosecution charging the defendant with furnishing a narcotic to a minor. The decision emphasized two factors: the possibility of fantasy on the part of the complaining witness because of his age, 16, and his desire to become a federal narcotics agent in the future; and the unavailability of

any testimony to prove the crime except that of the alleged victim and the accused. *Id.* at 669, 98 Cal. Rptr. at 734. *See also State* v. *Lewis,* 133 N. C. 653, 45 S.E. 521 (1903). (In a prosecution for larceny the defendant was permitted to present evidence that the prosecutor in the past had wrongfully accused others of stealing money which he lost while drunk.)

We conclude therefore that the trial justice erroneously rejected the testimony offered by the defendant. Because of the obvious impact that testimony would have had on the jury, we further conclude that the defendant was prejudiced by the exclusion. *State* v. *Almeida,* 111 R. I. 566, 570, 304 A.2d 895, 898 (1973); *see Urbani* v. *Razza,* 103 R. I. 445, 449, 238 A.2d 383, 386 (1968).

The defendant's appeal is sustained, the judgment appealed from is reversed, and the case is remanded to the Superior Court for further proceedings.

Mr. Chief Justice Roberts did not participate.

*Julius C. Michaelson,* Attorney General, *William Granfield Brody,* Special Asst. Attorney General, for plaintiff.

*Giovanni Folcarelli,* for defendant.