580 P.2d 785

**The STATE of Arizona, Appellee,**

v.

**William Cuen TAYLOR, Appellant.**

**No. 2 CA–CR 1152.**

Court of Appeals of Arizona, Division 2.

March 23, 1978.

Rehearing Denied May 2, 1978.

Review Denied June 6, 1978.

John A. LaSota, Jr., Acting Atty. Gen. by Philip G. Urry, Asst. Atty. Gen., Tucson, for appellee.

John A. Fioramonti, Tucson, for appellant.

OPINION

HOWARD, Judge.

Appellant was convicted by a jury of robbery and sentenced to the Arizona State Prison for a term of not less than five nor more than five years and six months.

The victim, Cecil Harrison, testified that the robbery occurred while he was being driven home. He admitted that at the time of the robbery he was intoxicated. He was seated in the back seat of the automobile as was the appellant and a woman who had caused Mr. Harrison to reluctantly enter. Another person was driving the automobile.

Mr. Harrison had met the three for the first time outside a local bar.

When they were near Mr. Harrison's residence, the woman reached into his pocket to get a "wad" of money that he was carrying. When he grabbed her hand, appellant struck him on the side of the head and the woman removed his money. He was then pushed out of the car onto the street where he fell asleep until discovered by the police. A later search of the vehicle revealed some cash hidden under a floormat in the driver's compartment.

At trial appellant was not permitted to introduce into evidence testimony of the manager of the trailer park where he resided pertaining to Mr. Harrison's statements about being robbed on occasions other than the one at issue. Appellant made the following offer of proof:

"* * *

MR. FIORAMONTI: I would like to first make an offer of proof, that if Mr. Hawk was called to testify that he has known Mr. Harrison; that he has known Mr. Harrison since August of '76 in the capacity of trailer park manager, and since that time he sees Mr. Harrison on a daily basis almost with close contact with Mr. Harrison. Mr. Hawk was going to testify that Mr. Harrison in that eight months time is drunk more often than not, and during that same period of time when he is drunk, he frequently complains of being robbed or beaten, and Mr. Hawk was going to further testify that he has no direct knowledge of any such robberies since October of '76, and no knowledge of any investigations of any such robberies by any law enforcement agencies.

I think we should have been permitted to put that evidence on on the basis that I think the State's entire case against Mr. Taylor rests on the credibility of Mr. Harrison. . . ."

The trial court rejected the offer of proof on the ground that appellant had failed to lay a foundation for its admissibility by first interrogating Mr. Harrison concerning the specific matters which appellant proposed to show through the testimony of the manager. Appellant claims this was error since what he proposed to show was a defect in the capacity of the victim to observe, remember or recount, or, that the testimony was admissible as evidence of habit and therefore required no such foundation. We do not agree.

■ The admissibility of such testimony is discussed in 3A, Wigmore On Evidence, Sec. 963 where the author characterizes it as evidence of corruption and states that such testimony should be admissible. Case law also establishes its admissibility. In *State v. Lewis*, 133 N.C. 653, 45 S.E. 521 (1903), a larceny case, the defendant asked the prosecution witness on cross-examination if he had not been in the habit of losing money when drunk and accusing other people of stealing it. The witness answered, "No". The defendant proposed to show by a witness that on a great many occasions the prosecution witness had wrongfully accused people of stealing his money while drunk and that he was in the habit of getting drunk, losing money and accusing people of stealing the same. The trial court excluded this evidence and the appellate court held this to be error. It should be noted that in *State v. Lewis*, supra, a foundation was laid prior to offering the extrinsic evidence. In a later North Carolina case, *In re Craven's Will*, 169 N.C. 561, 86 S.E. 587 (1915); the court cites *State v. Lewis*, supra, for the proposition that such evidence is collateral, but shows the bias of the witness and cannot be admitted in the absence of a warning question.

Wigmore, supra, states:
"Whatever rule is adopted as to the necessity of a preliminary inquiry to the witness about former expressions of bias . . . obtains also for proof of former expressions indicating corrupt intention; the two kinds of evidence are treated as

standing practically on the same footing in this respect." Sec. 964 at 812.

In Arizona, before introducing evidence to show bias, a warning question is required. *Ross v. State*, 23 Ariz. 302, 203 P. 552 (1922); Udall, Arizona Law of Evidence, Sec. 61, p. 81.

We therefore conclude that the trial court was correct in rejecting the offer of proof.[1]

Affirmed.

RICHMOND, C. J., and HATHAWAY, JJ., concur.

1. This case was tried before the effective date of the Rules of Evidence for Courts in the State of Arizona. See Rule 608(b) of the new Rules. But see also, *Johnson v. Brewer*, 521 F.2d 556 (8th Cir. 1975) which holds that the cross-examiner is not bound under the rule, by the answer of the witness when there is evidence of bias or interest. Presumably this would also apply to evidence of corruption. See *Johnson v. Brewer*, supra, at 561, fn. 12.