STATE

v.

Steven McCARTHY.

No. 80–427–C.A.

Supreme Court of Rhode Island.

June 15, 1982.

———

Dennis J. Roberts, II, Atty. Gen., Kenneth P. Madden, Asst. Atty. Gen., for plaintiff.

Stephen P. Nugent, Providence, for defendant.

OPINION

PER CURIAM.

This case is before the court pursuant to an order directing the state to show cause why the defendant's appeal should not be sustained and the judgment of conviction which has been entered on the charge of first-degree sexual assault reversed. After considering the briefs and arguments of counsel, we find that cause has not been shown.

At trial, the complaining witness testified that while in Providence she accepted a ride from defendant to go home. Instead, defendant took her to a bar, then to a restaurant, a liquor store, and finally to Narragansett where they visited a nightclub. Later that same evening, she testified, defendant brought her to a beach, struck her, and took off her clothes. He allegedly then forced her to submit to sexual intercourse, cunnilingus, and fellatio with him. Two police officers stopped defendant's vehicle for speeding as they returned to Providence. The complaining witness then got out of the van and told the officers that defendant had just raped her.

Prior to trial, defendant requested that he be allowed to introduce evidence that the complaining witness had made and withdrawn rape charges against another man after the incident in question had occurred. The trial justice denied defendant's request.

The state contends that the trial justice did not err in refusing to admit this evidence or, alternatively, that any error the trial justice committed is harmless beyond a reasonable doubt. We find these contentions to be meritless. We are of the opinion that *State v. Izzi*, 115 R.I. 487, 348 A.2d 371 (1975), controls. In *Izzi* we stated that the admissibility of evidence of prior false charges is justified in prosecutions of sex offenses "by the fact that guilt or innocence often turns on the relative credibility of the prosecutrix and the accused; by the knowledge that the charge, though easily made, can be disproved only with difficulty; and

by the possibility that the accusation may be fantasized or motivated by malice." *Id.* at 490, 348 A.2d at 372. Although the complaining witness in *Izzi* had made the false charges discussed in that case before the incident involving *Izzi* had occurred, we see no distinction between false charges made prior to the incident involving the defendant and those made subsequent thereto.

The trial justice's refusal to allow defendant to submit to the jury evidence that the complaining witness had made false charges of rape against another individual undermined defendant's ability to challenge effectively the complaining witness's credibility. We therefore are of the opinion that the trial justice erred in refusing defendant's request to introduce such evidence.

Counsel for the state suggests that the trial justice's error was harmless beyond a reasonable doubt. By refusing to allow the defendant to introduce evidence of other false rape charges, however, the trial justice totally precluded cross-examination on this point. This court will not, therefore, speculate on the impact that such evidence would have had on the jury. *See State v. DeBarros,* R.I., 441 A.2d 549, 552 (1982).

The defendant's appeal is sustained, the judgment of conviction is reversed, and the case is remanded to the Superior Court for a new trial.