(766 P.2d 1288)

No. 62,147

STATE OF KANSAS, *Appellee*, v.   TERRY BARBER, *Appellant*.

Opinion filed January 13, 1989.

*Shannon S. Crane* and *Reid Nelson*, assistant appellate defenders, and *Benjamin C. Wood*, chief appellate defender, for appellant.

*Mona Furst*, assistant district attorney, *Clark V. Owens*, district attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before REES, P.J., ELLIOTT, J., and PAUL D. HANDY, District Judge, assigned.

ELLIOTT, J.: Terry Barber directly appeals his conviction of indecent liberties with a child. K.S.A. 1987 Supp. 21-3503. The sole issue is whether the trial court erred in granting the State's motion in limine excluding evidence regarding the victim's prior allegedly false accusations of sexual abuse.

Finding no error, we affirm.

Amy, the victim, is an 11-year-old girl, who, at pertinent times, lived in a one-bedroom apartment with her divorced mother, Rita, and her 14-year-old brother. Defendant was Rita's boyfriend and had lived with Rita and the children for a number of years.

After Amy claimed that defendant had forced her to have sex with him, Rita took Amy to the family doctor. Amy told the doctor that defendant had placed his penis inside her vagina. Because this exam took place about a month after the alleged incident, the

medical findings were inconclusive: they were about what the doctor would have expected to find if Amy had had sexual intercourse a month previously and also what he would have expected to find if she had not.

Amy also told Detective Horn that defendant had tried to stick his penis in her vagina. At trial, Amy testified about the incident and also admitted she did not like defendant because he occasionally disciplined her; Amy wished he would move out.

Barber denied having had intercourse with Amy and sought to cross-examine Amy about prior accusations she had made on the subject. The parties seem to have agreed that there were three prior accusations. One was made against another person who was facing trial on a criminal charge for the incident at the time of Barber's trial. The other accusations, made in 1983, involved defendant and his brother. The trial court refused to permit defendant to inquire about the prior accusations.

Defendant was convicted and sentenced to 5 to 20 years' imprisonment; hence, this appeal.

The State justifies the trial court's ruling that reference to prior accusations should be precluded both because it falls under the "rape shield statute," K.S.A. 1987 Supp. 21-3525, and because it is irrelevant. This argument that prior accusations are excludable both under the rape shield statute and also as irrelevant is somewhat overbroad, since the rape shield statute basically incorporates the existing rules of evidence which the judge must use to decide whether the proffered evidence is relevant. "[T]he statute makes relevancy the touchstone of admissibility." *In re Nichols*, 2 Kan. App. 2d 431, 433, 580 P.2d 1370, *rev. denied* 225 Kan. 844 (1978).

Defendant contends the evidence of prior *accusations* is not evidence of prior sexual *conduct* and was not offered to prove consent, but was merely offered to attack the complaining witness's credibility. Therefore, defendant contends, the rape shield statute is inapplicable. We agree the rape shield statute does not apply, but that does not end the inquiry.

In sex offense cases, credibility is obviously a central issue. Here, defendant argues he should have been permitted to elicit testimony of prior false accusations in order to impeach the complaining witness's credibility in making the current charges against him.

We are persuaded to join the majority of jurisdictions which have considered the question and hold the rape shield statute simply does not apply. The testimony sought to be introduced is not of prior sexual conduct. As a result, evidence of prior false accusations of sexual abuse may be admissible to impeach the credibility of the complaining witness. See *Clinebell v. Commonwealth*, 235 Va. 319, 368 S.E.2d 263 (1988), and cases discussed therein.

We hasten to add, however, that a complaining witness's prior accusations are not always admissible. Such prior accusations are admissible only if a reasonable probability of falsity exists. The trial court must make the threshold determination of whether a reasonable probability of falsity exists. 235 Va. at 325.

But once we accept defendant's characterization of the evidence as going to the complaining witness's credibility and not her prior sexual conduct, a different problem is presented. Under K.S.A. 60-422(d), evidence of specific conduct of a witness tending to prove a trait of character shall be inadmissible. Our Supreme Court has interpreted the statute to mean that, generally, evidence challenging the honesty of a witness is limited to opinion testimony or evidence of reputation. *State v. Smallwood*, 223 Kan. 320, 326-27, 574 P.2d 1361 (1978).

We hold that under certain circumstances the limitation of 60-422 must bend to a defendant's right of cross-examination. In sex offense cases, *Clinebell* expressly recognized such an exception. 235 Va. at 325. A defendant's right of confrontation, of course, includes the right to engage in effective cross-examination. *Davis v. Alaska*, 415 U.S. 308, 315, 39 L. Ed. 2d 347, 94 S. Ct. 1105 (1974). See *Delaware v. Van Arsdall*, 475 U.S. 673, 89 L. Ed. 2d 674, 106 S. Ct. 1431 (1986).

Oregon, which has evidence rules similar to Kansas, has reached the same conclusion with respect to evidence of prior false accusations. Oregon Evidence Rule 608 (Or. Rev. Stat. § 40.350 [1987]) is similar to K.S.A. 60-422. In *State v. LeClair*, 83 Or. App. 121, 730 P.2d 609 (1986), *cert. denied* 303 Or. 74 (1987), the court held that, despite the prohibition of the evidentiary rule, the confrontation clause demands that a defendant be permitted to cross-examine the complaining witness concerning prior false accusations under certain circumstances. 83 Or. App. at 130.

In summary, we hold that despite the restriction of 60-422(d), in a sex crime case, the victim/complaining witness may be cross-examined about prior false accusations, and if she denies making those accusations, defendant may put on evidence of those accusations. However, the prior accusations are admissible only after the trial court has made a threshold determination that a reasonable probability of falsity exists.

In the present case, the trial court specifically found there was no indication that the complaining witness made any false accusations anywhere:

"Fact is, there apparently is enough in the present two cases to warrant a trial or at least a formal charge against this defendant and somebody else. The other case apparently fell by the wayside for whatever reason, for lack of prosecution, and I think the State is right as far as how, where and who was involved."

In this case, the trial court made explicit negative findings with respect to the threshold determination of probable falsity. Defendant's confrontation/cross-examination rights were not violated. The trial court did not abuse its discretion in excluding the evidence. *State v. Bressman*, 236 Kan. 296, 300, 689 P.2d 901 (1984); *State v. Jakeway*, 221 Kan. 142, 147, 558 P.2d 113 (1976).

Defendant's conviction is affirmed.