STATE of Missouri, Plaintiff–
Respondent,

v.

Cashawn WILLIAMS, Defendant–
Appellant.

No. 59904.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 26, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 8, 1993.

Application to Transfer Denied
April 20, 1993.

Cheryl Rafert, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Millie E. Aulbur, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

This appeal arises out of the defendant's conviction for possession of heroin, § 195.-202, RSMo Supp.1987, obtained in the Circuit Court of the City of St. Louis. The defendant was sentenced to five years imprisonment and on appeal contends the trial court erred in: (1) overruling defendant's request to call a witness to impeach the testimony of a witness for the state; (2) overruling defendant's request for a new trial because of alleged perjured testimony; (3) denying defendant's motion to dismiss because of alleged noncompliance with the statutory provisions regarding the selection of venire persons; (4) failing to declare a mistrial, *sua sponte*, due to various statements of the prosecutor; (5) overruling defendant's motion to modify the instruction defining reasonable doubt; (6) overruling defendant's objections to various comments made by the prosecutor in closing argument; (7) admitting into evidence two photographs that allegedly misrepresented the crime scene; and (8) not requiring the state to provide racially neutral explanations for striking potential black venirepersons. This final point was transferred to the Missouri Supreme Court. After the Supreme Court decided the cases of *State v. Parker,*

836 S.W.2d 930 (Mo. banc 1992) and *State v. Starks,* 834 S.W.2d 197 (Mo. banc 1992), this point was remanded to the trial court to reconsider defendant's *Batson* motion. We affirm the original seven points and the *Batson* point after reconsideration by the trial court.

The evidence adduced at trial was as follows: On the morning of May 16, 1990, St. Louis City Police Officers Michael Berra and Ronald Hasty received a call from an informant that two men were selling narcotics at the corner of Glasgow and Cass Streets. The officers drove immediately to the area and set up surveillance of the corner. There, the officers observed two men whose appearance fit the description given to them by the informant. One of those men was the defendant.

The officers watched the two men for approximately thirty minutes and in that time they observed, on several occasions, defendant receive money from an individual. After receiving the money defendant would go retrieve a bottle from a nearby dumpster and then hand the individual something from the bottle. Eventually, the officers approached the young men.

The officers seized $65.00 from defendant and the bottle which was under the dumpster. This bottle was later determined to contain twenty-three heroin capsules. Defendant was charged and convicted for possession of heroin. He was sentenced to five years imprisonment and this appeal followed. Other facts will be developed as necessary.

In his first point on appeal, defendant claims the trial court erred in overruling the defendant's request to endorse and call Terry Flanagan as a witness for the defense and in refusing to allow defendant's attorney to withdraw from representation so she could testify as a witness for defendant. Defendant alleges that both of these witnesses would have testified to prior inconsistent statements made by state's witness Officer Hasty in order to impeach his testimony. In particular defendant argues that at trial Officer Hasty testified the informant was an adult male and that the officers were in a marked vehicle while

Officer Hasty allegedly testified to the opposite at a preliminary hearing. Since there was no transcript of the preliminary hearing defendant wanted to impeach Officer Hasty's testimony with testimony from the defendant's attorney and Flanagan who were both present at the preliminary hearing.

■■■ A defendant can impeach a prosecuting witness with prior inconsistent statements but this impeachment must not concern an immaterial or collateral matter. *State v. Foulk*, 725 S.W.2d 56, 65 (Mo.App. 1987). When the fact in dispute is of no material significance in the case or is not pertinent to the issues as developed, the matter is collateral. *Id.* "A matter is not collateral if the alleged discrepancy involves a crucial issue directly in controversy or relates to 'any part of the witness' account of the background and circumstances of a material transaction, which as a matter of human experience he would not have been mistaken about if his story were true.'" *Id.* (citations omitted).

Defendant argues this is not a collateral matter and cites *State v. Jordan*, 664 S.W.2d 668 (Mo.App.1984). In *Jordan*, the issue was whether an officer could be impeached with his prior inconsistent statements as to why he conducted a search. This court ruled that such evidence is not collateral in that an officer is not likely to be mistaken as to why he conducted a search. *Id.* at 671. The case at hand is distinguishable.

■■■ Here, two officers testified that they went to the scene of defendant's crime because of information they received from an informant. This is uncontroverted and the alleged discrepancies as to what type of car they drove in and the sex of the informant have nothing to do with the background and circumstances of the drug possession the defendant was charged with. Thus, the trial court did not err in refusing to allow the defendant to call Flanagan as a witness. In addition, since defendant claims his attorney would have testified to the same information as Flanagan and we have found that defendant would not impeach as to this information, we find the trial court did not err in not allowing defen-

dant's attorney to withdraw as a necessary witness. Point denied.

In his second point, defendant claims the trial court erred in allowing in alleged perjured testimony by the police officers. Defendant argues that the officers committed perjury when they testified that defendant committed the crime of possessing heroin. Defendant, however, has offered no evidence to support this claim and concedes that "proof of the perjury may not be possible at the present time." Defendant's second point is completely without merit and is denied.

Defendant's third point on appeal states that the trial court erred in denying his motion to dismiss because there was a failure to comply with § 494.400, RSMo.1986, regarding the selection of petit jurors. In addition, defendant alleges the Jury Commissioner of St. Louis City failed to comply with an order correcting certain procedures used in the selection of petit jury panels. Again, defendant has cited no facts to support his claim. Defendant filed a motion to stay the proceedings until jury selection in the City of St. Louis was brought into compliance with statutory provisions regarding the selection of petit jurors. In response, the trial court adopted an order issued by the St. Louis City Circuit Court in another cause of action in regard to an identical motion. The administrative order which the circuit court adopted lifted the stay of proceedings in that case. Thus, it would appear the problems defendant is complaining about as to the petit jury selection process had been remedied by the time of trial. Point denied.

Defendant's next point is that the trial court erred when it failed to grant a mistrial, *sua sponte*, regarding evidence introduced and argued by the state. In particular, defendant argues the state introduced claims that defendant had sold heroin, had used heroin the night before the alleged crime, would be responsible for the death of the informant had the court ordered disclosure of his name and that defendant had violated his probation.

■■ Defendant claims that the state introduced evidence at trial and argued in

closing argument that defendant was responsible for the sale of heroin. The evidence at trial that defendant complains about was the testimony given by the police officers that they witnessed defendant selling narcotics. Defendant did not object to this testimony at trial and he has not requested that we review these points under the plain error rule. We decline to do so *sua sponte. State v. Gillespie,* 792 S.W.2d 35, 36 (Mo.App.1990).

Defendant did object during closing argument when the prosecutor stated "if we're not willing to stop the sellers as opposed to the buyers...." A trial court has wide discretion in determining the permissible scope of counsel's closing arguments to the jury and we will only reverse when the trial court has clearly abused its discretion. *State v. Motley,* 740 S.W.2d 313, 316 (Mo.App.1987). Here, the trial court overruled defendant's objection. The prosecutor still explained to the jury, however, that this was a case that dealt with the possession rather than the sale of heroin. In addition, a prosecutor is allowed to comment on evidence raised at trial. A defendant who permits testimony to be introduced at trial without objection cannot later complain about the prosecutor's improper remarks on such evidence during closing argument. *Id.* at 316–17. Therefore, we find there was no abuse of discretion by the trial court.

Defendant's claim that the prosecutor made comments about drug use on the night prior to the crime is also without merit. The comment came when defendant stated he had missed school on the day of the crime because he had been out late the prior evening. In response the prosecutor asked "What did you stay up late doing, heroin?" Defendant replied "I'm not going to answer that question." Again, the defendant failed to object to this question and he did not ask us to review this under the plain error rule. This being all of defendant's claim as to heroin use, we decline to review this alleged error *sua sponte. Gillespie,* 792 S.W.2d at 36.

Defendant next complains about alleged comments by the prosecutor that implied defendant was a murderer. The statement, made during closing argument by the prosecutor, of which the defendant complains is "How long do you think a confidential informant would live if the police officers had said his name yesterday? He probably wouldn't have lived until this morning, and that's what the defendant is trying to get at." These remarks were made in response to defendant's closing argument in which he brought up the fact that the identity of the informant had not been revealed. Defendant's objection was overruled and the trial court informed the jury to be governed by their recollection of the testimony.

The trial court has broad discretion in ruling on objections to closing arguments and wide latitude is accorded counsel in their summations. *State v. Murphy,* 739 S.W.2d 565, 570 (Mo.App.1987). A conviction will be reversed for improper argument only if it is established that the complained of comments had a decisive effect on the jury's determination or where the argument is plainly unwarranted. *Id.* A prosecuting attorney may go further by way of retaliation in answering the argument of defense counsel than would be permitted in the first instance. *Id.*

Here, the prosecutor's remarks were made in response to the defendant's comments concerning the state's failure to identify the informant. The trial court was in the best position to decide what the implications of the remarks were and whether they were proper rebuttal. The trial court overruled defendant's objection to the remark and we find this was not an abuse of discretion.

Finally, defendant complains of references made by the prosecutor which defendant argues indicated to the jury that defendant was guilty of a probation violation. This argument is also without merit because the prosecutor never asked a witness whether defendant had violated probation nor commented that he had committed such a violation. Defendant's fourth point is denied.

Defendant's fifth point on appeal is that the trial court erred in submitting the reasonable doubt instruction because it incorrectly defines reasonable doubt. This same argument has repeatedly been denied by

this court and the Missouri Supreme Court. *State v. Griffin,* 818 S.W.2d 278 (Mo. banc 1991). Point denied.

■■■ Defendant's next point alleges the trial court erred in overruling defendant's objections to portions of the state's closing argument. In particular, defendant argues the prosecutor wrongfully characterized the testimony concerning the dumpster in that he stated it could be moved easily when the witness testified it could only be moved by means of cable and truck. In addition, defendant complains about the prosecutor's comments that the witnesses all stated that defendant departed his aunt's house at the exact same time even though this was not true.

The trial court has wide discretion in determining the scope of closing argument and determining what constitutes impermissible references in the context of the trial. *State v. Parkus,* 753 S.W.2d 881, 885 (Mo. banc 1988), *cert. denied,* 488 U.S. 900, 109 S.Ct. 248, 102 L.Ed.2d 237 (1988). It is in the best position to observe the effect of contested statements on the jury. *Id.* Here, the prosecutor stated that the dumpster was movable and this is what the evidence indicated. Thus, this was proper argument by the state. As for the prosecutor's comments on the witnesses' testimony, we cannot say that those statements were impermissible references. The prosecutor originally stated the witnesses' answers were identical but later stated they were close. The trial court overruled defendant's objection and told the jury to be governed by their recollection of the testimony. The witnesses' answers as to the time defendant left his aunt's house, while not identical, were very close. The trial court was in the best position to judge the effect of those statements on the jury and we find there was no abuse of discretion. Point six is denied.

In his seventh point, defendant contends the trial court erred in admitting into evidence two photographs of the crime scene. Specifically, defendant alleges the photographs were misrepresentations of the crime scene because the trees were portrayed without leaves, while they had leaves at the time of the incident, and the dumpster wheels were not in the condition portrayed in the photograph at the time of the incident.

■■■ Trial courts have broad discretion in determining the admissibility of photographs. *State v. Schneider,* 736 S.W.2d 392, 403 (Mo. banc 1987), *cert. denied,* 484 U.S. 1047, 108 S.Ct. 786, 98 L.Ed.2d 871 (1988). Photographs are admissible if they are relevant to a material issue. *State v. Corpier,* 793 S.W.2d 430, 440 (Mo.App. 1990). The photographs were admitted to show the general area where the crime took place. The state stipulated to the fact that the trees had leaves at the time of the incident and that there was a different dumpster there at the time. The trial court was in the best position to decide if this was a fair and accurate depiction of the scene and we cannot say it abused this discretion. Point denied.

■■■ Finally, we look to defendant's *Batson* challenge to the prosecutor's use of peremptory strikes to remove black people from the venire panel. At trial eight of the individuals on the venire panel were black and the prosecutor peremptorily struck four of those individuals from the final panel. When defendant raised a *Batson* challenge to those strikes the trial court ruled defendant had made no *prima facie* showing of racial discrimination and did not require reasons for the strikes. Defendant argues that a prosecutor is now required to give reasons whenever a *Batson* challenge is made.

This issue is before us for the second time. Originally, the case was transferred to the Supreme Court of Missouri for consideration of the *Batson* issue. On July 23, 1992, the Supreme Court retransferred it to this Court for reconsideration in light of *State v. Parker,* 836 S.W.2d 930 (Mo. banc 1992) and *State v. Starks,* 820 S.W.2d 527 (Mo.App.1991).

On July 31, 1992, we remanded the case to the trial court to reconsider defendant's *Batson* motion in light of *Parker* and *Starks.* On October 9, 1992, the trial court held a hearing to determine whether the prosecutor used the state's strikes in a discriminatory manner. On October 13, 1992, the trial court issued an order finding

no error under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The case was then resubmitted pursuant to our order of July 31, 1992.

Both parties filed a supplemental brief addressing this order of the trial court. The thrust of defendant's argument contained in the supplemental brief is that the trial court clearly erred because the state articulated pretextual reasons to disguise discriminatory strikes.

We will not unduly extend this opinion by rehashing the reasoning for each strike detailed in the transcript and trial court's order. The prosecutor stated race-neutral reasons for the striking of each African–American juror. The trial court found that the reasons given were not pretextual. After reviewing the record, we find that the trial court did not clearly err determining that the prosecutor's strikes were non-discriminatory.

Judgment affirmed.

STEPHAN and CRIST, JJ., concur.