Strafford
No. 98-805

THE STATE OF NEW HAMPSHIRE

v.

DAVID GORDON

April 9, 2001

*Philip T. McLaughlin*, attorney general (*Ann M. Rice*, senior assistant attorney general, on the brief and orally), for the State.

*James E. Duggan*, chief appellate defender, and *Jenifer Bensinger Ackerman*, assistant appellate defender, of Concord (*Ms. Ackerman* on the brief, and *Mr. Duggan* orally), for the defendant.

GROFF, J., superior court justice, specially assigned under RSA 490:3. The defendant, David Gordon, was convicted of seven counts of aggravated felonious sexual assault, *see* RSA 632-A:2, I(j)(2), III (1996), and seven counts of misdemeanor sexual assault, *see* RSA 632-A:4 (1996). On appeal, he argues that the Superior Court (*Nadeau*, J.) erred in precluding cross-examination of the victim regarding an alleged prior false allegation of sexual assault. We affirm.

The following facts were adduced at trial. On September 19, 1997, the victim, then fifteen years old, told three of her friends that her father had been sexually molesting her. Although she asked her friends to keep this information a secret, they told an intern at Somersworth High School, who relayed the information to the victim's previous guidance counselor from middle school. At a meeting with the guidance counselors, the victim initially denied that her father had sexually assaulted her. After the guidance counselors brought her friends into the room, however, the victim admitted to the assault.

The defendant was eventually indicted on three sexual assault charges. Prior to trial, he filed a motion *in limine* or, in the alternative, for a *Howard* hearing, *see State v. Howard*, 121 N.H. 53 (1981), requesting, among other things, permission to introduce evidence of "prior false allegations by this alleged victim wherein she accused a male schoolmate at the Hilltop [S]chool in Somersworth of sexual assault." On March 16, 1998, the court conducted a hearing on the motion, and defense counsel made the following offer of proof:

> The victim disclosed to her dad or told her dad that she had been taken into the boys' room by a boy at the school who took off all her clothes and that he had sex with her, and at the time that that was reported, [the defendant] then went to the Hilltop School himself to report and asked what is going on here where you've got a young lady who has had this horrible thing happen to her in the past, why aren't you folks looking out and how could this happen? And then after he makes the report, he goes home and she admits that it didn't.
>
> So [the defendant] was in the unfortunate situation of having to call up and let the school know that it had been fabricated, that she in fact told a lie about a very similar situation, about a sexual assault.

The State objected to the motion, claiming that the defendant's assertions were unsubstantiated and the alleged incident too remote in time to have any relevance. At the hearing, the State represented that the incident was not documented in school records. The State explained that the victim's recollection of the incident was that when she was in the first or second grade, she told the defendant that a schoolmate had pushed her into the boys' room. The defendant overreacted until she reassured him that she had merely been pushed. Finally, the State noted that the victim was in the ninth

grade and the Hilltop School only went to grade four. Thus, the incident had to have occurred more than five years earlier.

The trial court denied the defendant's motion, concluding that "[t]he probative value of this evidence [] is low without dispositive proof that the victim in fact made a false allegation . . . [and] [t]o allow the defendant to question the victim regarding this incident, when he knows her answer is no, would unfairly mislead the jury." Defense counsel filed a timely motion for reconsideration, then withdrew from the case due to a conflict of interest.

In the interim, the State *nol prossed* the indictments against the defendant and reindicted him on fourteen new counts. At a subsequent pretrial hearing, the Trial Court (*Mohl*, J.) informed counsel that the rulings on the original indictments would apply to the new indictments. The trial court suggested, however, that the defendant resubmit a motion concerning the *Howard* hearing since the court had not yet ruled on the motion for reconsideration. Defense counsel submitted a motion that addressed the admissibility of the victim's alleged history of masturbation, but failed to mention the alleged prior false allegation. The Trial Court (*Coffey*, J.) denied that motion. Following a jury trial, the defendant was convicted on all counts. This appeal followed.

On appeal, the defendant argues that his rights under Part I, Article 15 of the New Hampshire Constitution and the Sixth Amendment of the United States Constitution were violated when the trial court precluded cross-examination of the victim concerning the alleged prior false allegation of sexual assault. The State maintains that the defendant failed to preserve this issue for appeal. In the alternative, the State argues that the trial court properly prohibited cross-examination on this issue because it is questionable whether the victim ever made a prior allegation of sexual assault. The State further asserts that even if the victim made the prior allegation, she did so at least five years before trial; thus, the marginal probative value of cross-examination on this issue was outweighed by the prejudice that could result. Assuming that the claim was adequately preserved for appeal, we find that it is without merit.

We address the defendant's State constitutional claims first, referencing federal case law only as an analytical aid. *See State v. Ball*, 124 N.H. 226, 232 (1983). Because the Federal Constitution provides no greater protection than our State Constitution, we will not conduct a separate federal analysis. *See Knowles v. Warden, N.H. State Prison*, 140 N.H. 387, 389 (1995); *State v. Dixon*, 144 N.H. 273, 278 (1999).

In *State v. Ellsworth,* we held that extrinsic evidence of a prior false allegation of sexual assault by a victim in a sexual assault case should be admitted under New Hampshire Rule of Evidence 608(b) "only where the allegations are similar, and the proffered evidence is highly probative of the material issue of the complainant's motives." *State v. Ellsworth,* 142 N.H. 710, 719 (1998). We held that such limitations on the admission of extrinsic evidence under Rule 608(b) did not violate the defendant's right to due process or right to confrontation under either the State or Federal Constitution. *Id.* at 719. In *State v. White,* we further held that extrinsic evidence of a prior false allegation of sexual assault by a victim in an assault case can only be introduced by a defendant upon a showing that the prior allegations "were demonstrably false," which we interpret to mean clearly and convincingly untrue. *State v. White,* 145 N.H. 544, 548 (2000).

In *White,* we also applied these limitations on the admission of extrinsic evidence to the defendant's right to cross-examine the victim, *see id.* at 553-54, stating that a defendant in a sexual assault case may cross-examine the victim about a prior false allegation of sexual assault under Rule 608(b) only if the defendant makes a threshold showing of "probity and similarity," and demonstrates clearly and convincingly that the prior allegations were false. *See id.* We held that these limitations on the defendant's right to cross-examine the victim did not violate his State and federal constitutional rights to due process and confrontation. *See id.* Before determining whether the defendant has shown clearly and convincingly that the victim's allegation of sexual assault is false, however, the defendant must first establish that an accusation was made. *See Miller v. State,* 779 P.2d 87, 90 (Nev. 1989); *see also Com. v. Hrycenko,* 630 N.E.2d 258, 264 (Mass. 1994). Thus, consistent with our holding in *White,* we hold that the defendant must establish by clear and convincing evidence that the victim made a prior accusation of sexual assault.

The only issue before us is whether the trial court applied the correct standard and whether the facts justify the trial court's determination of non-admissibility. In this case, the trial court precluded cross-examination concerning the prior false allegation, concluding that "[t]he probative value of this evidence . . . is low without dispositive proof that [the victim had] in fact made a false allegation." Given the language of the trial court's ruling, it is arguable that the defendant was required to satisfy a higher standard of proof than would be consistent with *White,* thereby

prohibiting the trial court from addressing whether the defendant showed clearly and convincingly that the victim made a prior accusation of sexual assault. "We ordinarily would remand this unresolved issue; however, when a lower tribunal has not addressed a factual issue, but the record reveals that a reasonable fact finder necessarily would reach a certain conclusion, we may decide that issue as a matter of law." *State v. Sawyer*, 145 N.H. 704, 706 (2001) (quotation omitted).

■ The only evidence of the prior false allegation in this case was the defendant's uncorroborated assertion to that effect. The defendant failed to proffer any independent evidence to substantiate his assertion. Despite the fact that the defendant claimed to have informed school administrators of the allegations, school records contained no documentation of the incident. Moreover, while the defendant claimed that the victim made the false allegation one year prior to trial while enrolled at the Hillside School, she had not attended that school for four years. Finally, the victim denied that she made the false allegation and believed the defendant may have been referring to an incident that had occurred seven or eight years earlier after she had been pushed by a schoolmate, but not sexually assaulted.

Based upon this evidence, we hold that no reasonable fact finder could conclude that the defendant met his burden of showing, clearly and convincingly, that the victim made a prior accusation of sexual assault. Therefore, we conclude that even if the trial judge required the defendant to satisfy a more stringent standard of proof than required by *White*, the trial court's restriction on the defendant's right to cross-examine on this issue was correct and did not constitute a violation of the defendant's constitutional rights to due process and confrontation.

*Affirmed.*

BRODERICK and DALIANIS, JJ., concurred; MANGONES, J., superior court justice, specially assigned under RSA 490:3, concurred.